IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. KENNEY[1]  §<br>c/o Schleicher Law Firm, PLLC  §<br>8283 Bosque Blvd.  §<br>Waco, TX 76712  §<br>　　*Plaintiff,*  §<br>v.  §<br>　　　　　　　　　　　　　　　§<br>STEVE JOHNSON, Administrator,  §<br>U.S. ENVIRONMENTAL PROTECTION AGENCY  §<br>1200 Pennsylvania Avenue, N.W.  §<br>Washington, DC 20460.  §<br>　　*Defendant.*  §  | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. SUMMARY

*Plaintiff Joseph P. Kenney alleges violation of the Age Discrimination in Employment Act (over 40) and the Rehabilitation Act (the federal employee equivalent of Americans with Disability Act). He complains of EPA's 2002 non-selection of him for a number of Criminal Investigator positions. Mr. Kenney is classified as a 30% or more disabled veteran and now works as a Deportation Officer for the DHS Bureau of Immigration and Customs Enforcement.*

*EPA chose to hire under the Outstanding Scholar Program (OSP) out of a desire to "get applicants who were a little bit younger for succession planning." In so doing, EPA disregarded the veterans' preference rules that would have led to the selection of Plaintiff, a practice since prohibited by the U.S. Merit Systems Protection Board. (The violation of veterans' rules is raised not as a separate cause of action, but for reasons such as to show motive and pretext.)*

*True, EPA has offered some explanations for what ended up being its hiring of younger, non-disabled, less experienced applicants. But the account of who did what, when, and why is particularly disjointed. It also manages to be circular, for example justifying some odd procedures on the basis of having a very short deadline to use a candidate list, when the brevity of that deadline appears to have arisen only because EPA voluntarily chose to hire under OSP.*

---

[1] Plaintiff resides in West Creek, NJ but is providing his attorney's rather than his own street address, due to his present federal employment involving law enforcement duties.

## 2. SERVICE

2.1     Service is being made on Defendant Steve Johnson by certified mail, RRR, as follows:

    2.1.1   U.S. Environmental Protection Agency/Ariel Rios Building/1200 Pennsylvania Avenue, N.W./Washington, DC 20460.

    2.1.2   The Honorable Alberto Gonzales/Attorney General/U.S. Department of Justice/950 Pennsylvania Ave., NW/Washington, DC 20530.

    2.1.3   The Honorable Jeffrey A. Taylor/U.S. Attorney for the District of Columbia/ATTN: Civil Process Clerk/555 Fourth Street, NW/Washington, DC 20530.

## 3. JURISDICTION AND VENUE

3.1     The Court has jurisdiction because a federal official is a defendant and as the suit involves a federal question (claims arising under the Age Discrimination in Employment Act and the Rehabilitation Act).

3.2     Venue is appropriate in the District of Columbia for reasons such as that Defendant maintains its headquarters there.

## 4. PARTIES

4.1     Plaintiff Joseph Kenney is an individual residing in West Creek, New Jersey.

4.2     Defendant Steve Johnson is sued in his official capacity as head of the U.S. Environmental Protection Agency ("EPA"), the agency that declined to hire Plaintiff.

## 5. CONDITIONS PRECEDENT AND MITIGATION

5.1     Plaintiff complied with all conditions precedent to the bringing of this action.

5.2     Plaintiff adequately exhausted administrative remedies.

5.3   EPA accepted and processed his administrative complaint of discrimination.

5.4   This suit is timely, filed within 90 days of a final decision from the U.S. EEOC, Office of Federal Operations.

5.5   Plaintiff has mitigated his damages at least to the extent required by law.

## 6. FURTHER CLAIMS

6.1   <u>QUALIFICATIONS</u>—Plaintiff applied and was qualified for the Criminal Investigator positions he sought.  For example:

    6.1.1   He met the minimum requirements identified in the vacancy announcement(s).

    6.1.2   Plaintiff was included on one or more lists of persons determined by EPA to be qualified and so he was referred for consideration one or more times.

    6.1.3   Plaintiff was qualified in light of the quality of his work experience, quantity of his work experience, his level of education, his educational achievements, or some combination of these factors.  For example:

        6.1.3.1   Plaintiff already was serving in a federal position requiring law enforcement skills and had military service.

        6.1.3.2   Plaintiff has a Master's degree and a law degree, meaning that he likely would have started at the GS-9 level.  (While the positions sought had a lower initial grade than that held by Plaintiff when applying, they had a higher promotion potential:  to GS-13.)

    6.1.4   Plaintiff was as qualified as one or more of the persons selected for the positions at issue, apparently even more qualified than some and possibly all of them.

    6.1.5  Plaintiff would have been able to perform the duties of the positions he sought without an accommodation of his medical condition and/or with an accommodation of a reasonable nature.

    6.1.6  At least one of the individuals selected over Plaintiff for the positions he sought later was disqualified as not having met minimum requirements for the job, a situation that may constitute evidence of motive or pretext, perhaps being reflective of EPA's over-eagerness to hire younger and/or non-disabled persons.

6.2   <u>VETERANS' PREFERENCE RULES AND OSP</u>—Under ordinary application of veterans' preference laws, the fact that Plaintiff is classified as a 30% or more disabled veteran would make it almost a certainty that he would have been selected for one or more of the positions he sought, especially when taking into account that he already held a federal job involving law enforcement duties.

    6.2.1  Agencies have a legal duty to maximize hiring of disabled and other veterans.

    6.2.2  The Outstanding Scholar Program (OSP) was developed as the result of a consent decree in another agency's discrimination case, "as a supplement to the competitive examining process in situations where there is under-representation of blacks and Hispanics."[2]

---

[2] *See Dean v. Dept. of Agriculture,* 2006 M.S.P.B. 318, 2006 MSPB LEXIS 61532006, 4 (2006).

    6.2.3  While the U.S. Merit Systems Protection Board has since ruled such reasoning invalid (*id.,* at 27-28), EPA has contended that its decision to use OSP for the selections at issue here allowed it to disregard veterans' preference laws

    6.2.4  EPA's use of OSP without a finding that it had an under-representation of African-Americans and Latinos, and doing so when it believed the choice would allow it to circumvent veterans' preference rules, may show pretext, motive, or both.

6.3   VIOLATION OF THE ADEA—At a time of applying for the positions, Plaintiff was a person protected by the Age Discrimination in Employment Act: he was at least 40 years of age.

    6.3.1  Plaintiff's age, a general desire to hire young candidates, or both, were at least a motivating factor in the selection processes, constituting age discrimination.

    6.3.2  EPA was aware of Plaintiff's approximate age and/or that applicants generated by ordinary methods (including veterans' preference rules) were likely to be older than applicants generated through use of OSP. It used the Program:

> to get applicants who were a little bit younger for succession planning. [...] the Criminal Office was expanding and wanted to place some younger individuals with older individuals so they could learn the trade. The OSP is open to all ages, however most scholars are recent college graduates. I would say they probably graduated within the last five years.[3]

---

[3] Report of Investigation [ROI], Exh. F4, at 3, ¶11 (affidavit of Chuck Smith, then an EPA Lead Personnel Management Specialist). EPA disclaims any role by Chuck Smith in the process. Ann Cherry was identified by Smith (id., at 2, ¶10) as the one to whom the position was referred for advertisement and who screened applicants for OSP qualification. Ms. Cherry in turn testified that "Chuck Smith, who at the time was the Team Leader, made the request that the Outstanding Scholar Program be used." ROI, Exh. F5, at 2, ¶9 (affidavit of Ann Cherry).

6.3.3 Some or all of those selected instead of Plaintiff were younger than 40, substantially younger than Plaintiff, or both.

6.4 <u>VIOLATION OF REHABILITATION ACT</u>—Plaintiff is a person protected under the terms of the Rehabilitation Act, having been classified as a 30% or greater disabled veteran.

6.4.1 EPA was aware of Plaintiff's condition, such as from his inclusion with his application of documentation for the 10-point veterans' preference he claimed.

6.4.2 Some or all of the persons selected for the positions Plaintiff sought were not among those protected by the Rehabilitation Act and/or were not otherwise perceived to be disabled.

6.4.3 Plaintiff's disability and/or perceived disabilities were at least a motivating factor in his non-selection.

6.4.4 If EPA perceived Plaintiff to be unable to perform the duties of the positions, it had a duty to undertake an interactive dialogue with him, but it did not do so.

## 7. DAMAGES AND RELIEF SOUGHT

7.1 EPA caused Plaintiff to suffer loss, justifying equitable and other relief, such as:

7.1.1 a declaration that the Defendant violated one or more laws as to Plaintiff;

7.1.2 an injunction prohibiting Defendant from further violating the law;

7.1.3 an order requiring the Defendant to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations;

7.1.4 retroactive appointment of Plaintiff to the position;

7.1.5 compensatory damages;

7.1.6  special damages;

7.1.7  to the extent not appointed retroactively to the job, future economic damages;

7.1.8  back pay, seniority, and benefits due to the violations;

7.1.9  pre- and post-judgment interest;

7.1.10  an award of attorney's fees, expenses, and costs; and

7.1.11  any other and further relief to which the Court may find Plaintiff entitled.

## 8. JURY REQUEST

8.1  Plaintiff requests a trial by jury as to all issues not reserved by law for the court.

## 9. PRAYER

9.1  ON THESE GROUNDS, Plaintiff respectfully asks he be granted the relief sought, that the Court enter judgment in his favor, and that Defendant be denied relief of any kind.

Respectfully Submitted,

SCHLEICHER LAW FIRM, PLLC
8283 Bosque Blvd.
Waco, TX 76712
254-776-3939 telephone
254-776-4001 fax

BY: _____
David R. Schleicher
DC Bar No. 428001
ATTORNEY FOR PLAINTIFF JOSEPH KENNEY

*Of counsel:*

Michael J. Coster
MICHAEL COSTER, P.C.
6830 Elm Street
McLean, Virginia 22101
703-740-9170 telephone
703-740-9171 facsimile

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

**151 Medicare Act**

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*     OR     F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*                                              | H. *Employment Discrimination*                                                                                                                                                                   | I. *FOIA/PRIVACY ACT*                                                                                    | J. *Student Loan*                                                         |
| --------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | -------------------------------------------------------------------------------------------------------- | -------------------------------------------------------------------------- |
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence               | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)*                          | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans)              |

| K. *Labor/ERISA (non-employment)*                                                                                                                                                 | L. *Other Civil Rights (non-employment)*                                                                                                                                        | M. *Contract*                                                                                                                                                                                                                                                                                               | N. *Three-Judge Court*                                          |
| ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | --------------------------------------------------------------- |
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act)                 |

## V. ORIGIN

1 Original Proceeding    2 Removed from State Court    3 Remanded from Appellate Court    4 Reinstated or Reopened    5 Transferred from another district (specify)    6 Multi district Litigation    7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in complaint    **YES**    **NO**

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    **YES**    **NO**    If yes, please complete related case form.

DATE                           SIGNATURE OF ATTORNEY OF RECORD    /s/ David R. Schleicher

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.