IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. KENNEY, § <br> § <br> Plaintiff, § <br> v. § <br> § Civil Action No.: 1:07-CV-116 (PLF) <br> STEVE JOHNSON, ADMINISTRATOR § <br> U.S. EPA, § <br> § <br> Defendant. § | |

**JOINT LOCAL RULE 16.3 SCHEDULING AND DISCOVERY CONFERENCE REPORT**

After conferring regarding the matters set out in LOCAL RULE 16.3, the parties report as follows and propose the time frames indicated for scheduling and discovery:

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Both parties may file motions for summary judgment after an adequate opportunity for discovery, but no such motions have been filed and no related delays are requested as of this time.

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties agree to deadlines of:

      (a) <u>May 15, 2007</u> for joining other parties; and

      (b) <u>July 1, 2007</u> for amending pleadings.

The parties believe that some of the factual and possibly a few of the legal issues might be agreed upon or narrowed and will report to the Court on any such matters by <u>July 15, 2007</u>.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

No, as at least one of the parties opposes assignment to a magistrate judge.

*(4) Whether there is a realistic possibility of settling the case.*

It is possible that the case may be settled, particularly after some initial discovery and, if not then, it would be more likely after a ruling on any motions for summary judgment.

*(5) Whether the case could benefit from the Court's alternative dispute resolution*

The parties have discussed ADR with their clients and presently agree that referral for mediation would be appropriate after a ruling on any summary judgment motions. Additionally, Plaintiff has made a written offer of settlement to the Defendant, to which Defendant will respond in writing with an acceptance or written counter-offer by Friday, May 4, 2007.

*(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The granting of a Defendant motion for summary judgment likely would dispose of the case, while granting of such a motion from Plaintiff might resolve all but damages and attorney's fees.

The parties have agreed to these related deadlines:

| | |
|---|---|
| October 30, 2007 | for filing of any motion for summary judgment by Defendant; |
| November 19, 2007 | for filing of any opposition and any cross-motion by Plaintiff; |
| December 10, 2007 | for filing of any reply and any opposition by Defendant; and |
| December 21, 2007 | for filing of any reply by Plaintiff as to any cross-motion he filed. |

*(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties have agreed to dispense with initial disclosures in light of a Report of Investigation having been prepared as part of the administrative processing of the complaint of discrimination.

*(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate;*

The parties have agreed that no special limitations on discovery beyond those usually applicable under the federal and local rules are necessary.  The parties have agreed to cooperate in submitting a joint motion for protective order to the extent either of them seeks to protect personally-identifiable information (beyond the usual social security number, date of birth, driver's license number, and financial account numbers) of persons.  Such an order would limit the use and disclosure of that type of information to those having a "need-to-know" and to the present litigation.

The parties have agreed to a deadline of <u>August 31, 2007</u> for the completion of all forms of discovery.

*(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

(Apart from any testimony as to attorney's fees,) experts may be expected on medical issues and economic damages.  No modification of Rule 26(a)(2) is requested.

If depositions of experts are to take place, the parties suggest that they be scheduled between mid-July and August 31, 2007.

*(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

*(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

No bifurcation is requested.

*(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

January 11, 2008 has been agreed to by the parties as a date for a pre-trial conference.

*(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties prefer that a trial date be set at the pre-trial conference.

*(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The Defendant's attorney and Plaintiff's "of counsel" attorney expect to participate in person, with Plaintiff's attorney in Waco taking part by phone.


Dated:  April 17, 2007

Respectfully Submitted,

| | |
|---|---|
| SCHLEICHER LAW FIRM, PLLC<br>8283 Bosque Blvd.<br>Waco, TX 76712<br>254-776-3939 phone<br>254-776-4001 fax<br><br>BY: _____<br>David R. Schleicher, DC Bar # 428001 | *of counsel:*<br>Michael J. Coster<br>Attorney at Law<br>6830 Elm Street<br>McLean, Virginia 22101<br>703-740-9170 phone<br>703-740-9171 fax<br>(Admitted in VA) |

ATTORNEYS FOR PLAINTIFF JOSEPH P. KENNEY


___/s_/_____  
JEFFREY A. TAYLOR, D.C. BAR #498610  
United States Attorney

__/s/_____  
RUDOLPH CONTRERAS, D.C. BAR #434122  
Assistant United States Attorney

__/s/_____  
ALEXANDER D. SHOAIBI,  
D.C. BAR #423587  
Assistant United States Attorney

501 Third Street, N.W., Rm E-4818  
Washington, D.C. 20530  
(202) 514-7236

ATTORNEYS FOR DEFENDANT STEVE JOHNSON (EPA)