UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph Kenney, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 1:07-CV-116 (PLF)<br>) |
| v. | )<br>) |
| Stephen L. Johnson, Administrator,<br>U. S. Environmental Protection Agency; | )<br>) Dated: February 18, 2008<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S REQUEST FOR ENTRY OF DISMISSAL ORDER/SETTLEMENT
AND HIS WITHDRAWAL OF REQUEST FOR STATUS CONFERENCE**

Plaintiff recently requested that the Court schedule a status conference on the parties' settlement, in light of Defendant not yet having made the payment called for in that settlement. Payment since has been received and so the status conference request is withdrawn. Pursuant to the terms of the settlement, Plaintiff now requests that this case be dismissed by way of the Court's entry of the dismissal order (with incorporated settlement agreement) that is attached here.

CERTIFICATE OF CONFERENCE

No attempt at conference was made because the present motion is in fulfillment of
the terms of the parties' prior settlement agreement, per the attachment here.

_____                    Date: February 18, 2008
David R. Schleicher, Attorney for Plaintiff

Respectfully Submitted,

| | |
|---|---|
| SCHLEICHER LAW FIRM, PLLC | *of counsel:* |
| 8283 Bosque Blvd. | Michael J. Coster |
| Waco, TX 76712 | MICHAEL COSTER, PC |
| 254-776-3939 phone | 6830 Elm Street |
| 254-776-4001 fax | McLean, Virginia 22101 |
| | 703-740-9170 phone |
| BY: _/s/ David Schleicher_ | 703-740-9171 fax |
| David R. Schleicher | *licensed in VA* |
| DC Bar # 428001 | |

CERTIFICATE OF SERVICE

    I certify by my signature below that on this date a true and correct copy of the foregoing and any attachments were served in compliance with applicable rules via ECF filing, on Defendant's lead attorney AUSA Alexander Shoaibi.

_/s/ David Schleicher_                                         Date: <u>February 18, 2008</u>

David R. Schleicher, Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph Kenney,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Stephen L. Johnson, Administrator,<br>U. S. Environmental Protection Agency;<br><br>　　　　　　　Defendant. | Civil Action No. 1:07-CV-116 (PLF)<br><br><br>Dated: November 28, 2007 |

**AGREED ORDER AND STIPULATION OF SETTLEMENT AND DISMISSAL**

The parties, as identified below, have agreed and stipulated as set out below, requesting that this Court therefore dismiss this case with prejudice to refiling.

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 28th day of November, 2007, between Plaintiff in the above-captioned case, Joseph P. Kenney, and the Defendant, Stephen L. Johnson, in his official capacity as Administrator, U.S. Environmental Protection Agency (EPA).

WHEREAS, the Plaintiff, Mr. Kenney, has brought suit in the United States District Court for the District of Columbia, Civil Action No. 1:07-CV-116 (PLF); and

WHEREAS, the EPA denies any liability to Mr. Kenney in connection with his allegations as raised in this litigation or any underlying administrative proceedings; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and burden of further litigation;

NOW THEREFORE, Mr. Kenney and the EPA, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Mr. Joseph P. Kenney ("Plaintiff") and Stephen L. Johnson, as Administrator, EPA ("Defendant"), to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon his application for employment with Defendant and failure to be selected for employment with Defendant, including all aspects of any job announcements or hiring practices of Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, this settlement shall include all possible claims for damages, back pay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process, and any other proceedings involving the claims raised, or which could have been raised, in this action.

2. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled civil action. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged in this action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Stipulation of Settlement, under Federal law, Federal or State statutes, or the Constitution of the United States or of a State, in either a Federal or State Court or administrative forum;

3. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all other actions, charges, complaints, and appeals against the Defendant and his present or former employees or officers that are before this Court, the Equal Employment Opportunity Commission, or any other forum;

4. By signing this Stipulation of Settlement, Plaintiff unconditionally releases the Defendant and his present and former employees, officers, agents, representatives, and all persons acting by, through, or in concert with any of those individuals, either in their official or individual capacities, for any and all liability which has arisen from the occurrences which are the subject matter of Plaintiff's complaint in this matter, or any other pending, existing, or putative cause of action against the Defendant of any sort whatsoever;

5. Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving all rights and claims under various laws, including, but not limited to, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., with respect to his underlying complaint;

6. Plaintiff does not waive any rights or claims that may arise after the date on which this Stipulation of Settlement is signed;

7. In consideration for the promises made herein, the Defendant will provide the Plaintiff the following:

    a. Payment in the amount of $35,000 (thirty-five thousand dollars), comprised of the following:

        i. Payment of $16,108.51 (sixteen thousand, one hundred and eight dollars and fifty-one cents) toward compensatory damages. This amount in no way constitutes payment for back pay, front pay, or wages of any kind, earned by or owed to the Plaintiff.

        ii. Payment of $18,891.49 (eighteen thousand, eight hundred and ninety-one dollars and forty-nine cents) toward reimbursement for court reporter charges ($3,991.40), filing fee ($350), miscellaneous expenses ($141.33), and attorney's fees ($14,408.76).

    b. A copy of Defendant's FY 2007-2008 Plan for the Employment and Advancement of Disabled Veterans, publicly available through Defendant's Office of Human Resources, which includes contact information for EPA's Servicing Human Resources Office's Veterans' Coordinators;

  c. Statistical data on Defendant's employment of disabled veterans from FY 2005 through the present, obtained from Defendant's electronic personnel system; and

  d. All originals and copies, if any, of Plaintiff's medical records as provided to Defendant in response to Defendant's oral request for the foregoing during Plaintiff's July, 23, 2007 deposition.

8. The parties will take the following additional steps to enhance the protection of the privacy rights of the Plaintiff and other persons providing testimony or mentioned during deposition testimony:

  a. Plaintiff and his attorneys will destroy all paper and electronic copies of depositions taken in this case. All additional originals and copies of the depositions are to be securely destroyed, except where doing so otherwise would violate a legal obligation of the parties.

  b. A maximum of one copy, whether paper or electronic, of the deposition for each deponent will be retained by the U.S. EPA Office of General Counsel (or equivalent office) and another of each by the Office of the U.S. Attorney for District of Columbia.

    (i) Plaintiff's counsel (Schleicher Law Firm, PLLC/8283 Bosque Blvd./Waco, TX 76712/fax 254-776-4001 and

      Michael Coster, PC/6830 Elm Street/McLean, VA 22101/fax 703-740-9171) will be notified whenever a copy of Plaintiff's deposition is accessed at U.S. EPA Office of General Counsel (or equivalent office) by someone other than a U.S. EPA Office of General Counsel attorney. This provision does not require approval of Plaintiff's attorney for access, merely notice. "Access" here means review of the transcript.

  (ii) Plaintiff acknowledges that his deposition constitutes part of a case file maintained by the U.S. EPA Office of General Counsel and agrees that this case file will be retained and disposed of in accordance with the applicable records retention schedules. Plaintiff further agrees that Defendant is not required to inform him or his counsel of the disposition of this case file in accordance with such schedules.

c. Nothing in this paragraph (8) requires the Defendant or the Office of the U.S. Attorney to collect or destroy the copy of a deposition held by the person who was deposed, nor to retain copies past the date it otherwise would under their standard record retention policies.

9. This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or his officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

10. Defendant separately has provided Plaintiff with a letter expressing its regret over the handling of his application (while continuing to deny liability and violation of any law).

11. This Stipulation of Settlement may be used as evidence in a subsequent proceeding in which either of the parties allege a material breach of this Agreement.

12. Plaintiff acknowledges that one or more of his attorneys has reviewed and explained the provisions of this Stipulation of Settlement to him, and that he has been provided sufficient time to consider its terms.

13. Plaintiff understands that he is entitled to consider this Stipulation for twenty-one days before signing it. Plaintiff shall have seven (7) calendar days from the date that he executes this Stipulation of Settlement to revoke it. The Stipulation of Settlement shall not become effective or enforceable until this seven (7) day period has expired.

14. This Stipulation and Settlement entered into by Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the

parties pertaining to the subject matter thereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is approved by the Court, unless mutually agreed to in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not set forth in this Stipulation of Settlement. This Stipulation of Settlement is a joint product and shall not be construed against either party on the grounds of sole authorship.

15. This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other persons or entity acting on behalf of, or at the behest of, Plaintiff.

16. Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as provided by paragraph 11 (regarding enforcement).

17. Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

18. In case any provision of this Stipulation of Settlement should be held to be contrary to, or invalid under, the law of any country, state, or other jurisdiction, such illegality or invalidity shall not affect in any way other

provisions thereof, all of which shall continue, nevertheless, in full force and effect; any provision which is held to be illegal or invalid in any other country, state or other jurisdiction shall nevertheless remain in full force and effect in a country, state, or jurisdiction in which such provision is illegal.

19. Execution of this Stipulation of Settlement shall constitute a request for dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Upon return of this signed settlement agreement, Plaintiff will notify the Court that settlement has been reached and that an agreed dismissal order will be submitted by Plaintiff immediately to the Court upon completion of the payments called for in paragraph 7. However, if the Court requires some form of dismissal prior to completion of the payments, the parties will make an agreed request for dismissal without prejudice until such payments have been completed, at which time dismissal with prejudice will be sought by them.

20. The payments provided for under paragraph 7(a) shall be delivered as quickly as administratively practicable after the effective date of this Agreement. Time is of the essence as to this Agreement. Payments shall be delivered by way of electronic transfer to the account of Plaintiff's attorney as follows:

   **BANK:**          **Compass Bank**

   **LOCATION:**      **Waco, TX**

   **NAME:**          **Schleicher Law Firm, PLLC**

21. The information set out under 7(b) -(d) will be provided no later than 45 (forty-five) days after the application of the final signature to this agreement and is to be sent in care of the receiving party's attorneys.

22. Plaintiff and his attorneys fully understand and acknowledge that payment of any and all Federal, State, or local taxes that may be due on the payments provided for under this settlement are the responsibility of Plaintiff and/or his attorneys. Plaintiff agrees that he is to consult his own tax advisor, rather than rely on any representation he believes to have been made by any person or entity involved with this dispute, to answer any questions he may have regarding the taxability of such payments.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and conditions have been fully understood, that an adequate period of time has been afforded to allow for consideration of said terms and conditions, and that an opportunity has been afforded to consult with counsel.

Respectfully Submitted,

FOR THE PLAINTIFF:

_____        November 27, 2007
JOSEPH P. KENNEY                       Date Signed

*As to Form for the Plaintiff:*

SCHLEICHER LAW FIRM, PLLC              *of counsel:*
8283 Bosque Blvd.                      MICHAEL COSTER, PC
Waco, TX 76712                         6830 Elm Street
254-776-3939 phone                     McLean, Virginia 22101
254-776-4081 fax                       703-740-9170 phone
                                       703-740-9171 fax

BY: _____     BY: _____
David R. Schleicher                         Michael J. Coster, pro hac vice
DC Bar # 428601

ATTORNEYS FOR PLAINTIFF JOSEPH P. KENNEY

FOR THE DEFENDANT:

_____         _____
JEFFREY A. TAYLOR                      ALEXANDER D. SHOAIBI
United States Attorney                 Assistant United States Attorney
D.C. BAR No. 498610                    D.C. Bar No. 423587
                                       Judiciary Center Building
_____         555 4th St., N.W.
RUDOLPH CONTRERAS                      Washington, D.C. 20530
Assistant United States Attorney       (202) 514-7236
D.C. BAR No. 434122

COUNSEL FOR DEFENDANT

Having considered the agreed request of the parties, it is therefore ORDERED that:

(1)  this case is dismissed in its entirety, with prejudice to refiling; and

(2)  the parties shall bear their own attorney's fees, costs, expenses, and alleged damages, except as otherwise specifically has been agreed to in writing by them.

Signed this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE